# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| **No. 14-7169** | **September Term, 2015** |
| | 1:13-cv-00314-RWR |
| | Filed On: March 15, 2016 |

Stephen Thomas Yelverton,
        Appellant

    v.

Hamilton P. Fox, III, Assistant Bar Counsel -
in his individual and official capacity,
        Appellee

       **BEFORE**:    Tatel, Brown, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motion to recuse Judge Wilkins and the opposition thereto; the motion to designate a panel from another circuit, the opposition thereto, and the reply; the motion to refer court orders to the Grievance Committee, the opposition thereto, the reply, and the motion to supplement the motion to refer; the motion to dismiss or for summary affirmance, the opposition thereto, and the reply; the motion to remand the case, the opposition thereto, and the reply; the motions for judicial notice; the motion to strike the motion to dismiss or for summary affirmance and the supporting reply, the opposition thereto, and the reply; the motion to establish briefing schedule and the response thereto; and the motion to govern future proceedings, it is

**ORDERED** that the motion to recuse Judge Wilkins be dismissed as moot. Judge Wilkins has taken no part in this disposition. It is

**FURTHER ORDERED** that the motion to designate a panel from another circuit, which the court construes as a motion for recusal of the members of this court, be denied to the extent it seeks recusal of the above-named judges. See In re Brooks, 383 F.3d 1036, 1041 (D.C. Cir. 2004) (recusal warranted where the judges have "personal knowledge of disputed evidentiary facts" or their "impartiality might reasonably be questioned"). It is

**FURTHER ORDERED** that the motions to refer court orders to the Grievance Committee, for judicial notice, to strike, and to supplement the motion for referral be denied. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-7169**                                                           **September Term, 2015**

     **FURTHER ORDERED** that the motion to dismiss or for summary affirmance be granted in part.  Appellant's request for an injunction barring prosecution of disciplinary charges in the District of Columbia Court of Appeals is now moot, so the motion to dismiss the appeal is granted as to that claim.  See McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (case must be dismissed as moot if "events [have] outrun the controversy such that the court can grant no meaningful relief").  The motion for summary affirmance is granted as to appellant's request for a declaratory judgment that the disciplinary proceeding in the District of Columbia Court of Appeals violated his constitutional rights.  The claim is barred by res judicata because appellant could have raised his constitutional challenges in the disciplinary proceeding.  See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009).  The merits of the parties' positions regarding this claim are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  It is

     **FURTHER ORDERED** that the motion to dismiss or for summary affirmance be denied in part.  Now that proceedings before the District of Columbia Court of Appeals have concluded, the district court's November 1, 2013 order is vacated to the extent it dismissed appellant's challenge to District of Columbia Bar Rule XI, Section 19(a), on Younger abstention grounds, and the case is remanded for further proceedings on that claim.  See Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 74 (D.C. Cir. 1997).  It is

     **FURTHER ORDERED** that the motions to establish briefing schedule and to govern future proceedings be dismissed as moot.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

                                                              **FOR THE COURT:**
                                                              Mark J. Langer, Clerk

                                 BY:    /s/
                                                              Robert J. Cavello
                                                              Deputy Clerk